IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE I, JANE DOE I, AND JANE DOE II | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| THE EPISCOPAL SCHOOL OF DALLAS, INC., | § § § | CIVIL ACTION NO. _____ |
| Defendant. | § | |

---

## DEFENDANT THE EPISCOPAL SCHOOL OF DALLAS, INC.'S NOTICE OF REMOVAL

COMES NOW Defendant the Episopal School of Dallas, Inc. ("ESD"), and files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. As grounds for removal, ESD, by and through its undersigned attorneys, states as follows:

### I. STATE COURT ACTION

1.     ESD is a party to a civil action pending in the County Court at Law Number One, Dallas County, Texas, styled *John Doe I, Jane Doe I, and Jane Doe II v. The Episcopal School of Dallas, Inc.*, Cause No. CC-10-03251-A (the "State Court Action"). Founded in 1974, ESD is a coeducational college-preparatory institution located in Dallas, Texas, which, by virtue of federal law, enjoys 501(c)(3) status. Plaintiffs are a former student and her parents. The former student and a former ESD teacher engaged in non-sanctioned sexual activities in 2009. Plaintiffs filed their lawsuit against ESD as a result of that non-sanctioned relationship.

2.     Plaintiffs commenced the State Court Action by the filing of their Original Petition ("Original Petition") on or about May 17, 2010. *See* Appendix Exhibit C at Tab 1.

Plaintiffs demanded a jury trial. *Id.* In their Original Petition, Plaintiffs asserted only state law causes of action against ESD.[1] Thus, the State Court Action was not, at that time, removable.

3.      In its Original Answer to Plaintiffs' Original Petition, filed on June 11, 2010, ESD asserted that all claims against it are subject to the Charitable Immunity and Liability Act of 1987. *See* TEXAS CIVIL PRACTICE & REMEDIES CODE § 84.001, *et. seq*.

4.      "Charitable organizations" are defined under Chapter 84 of the Civil Practice & Remedies Code, in part, as any organization "exempt from federal income tax under Section 501(a) of the Internal Revenue Code of 1986 by being listed as an exempt organization in Section 501(c)(3) or 501(c)(4) of the code, if it is a nonprofit corporation, foundation, community chest, or fund organized and operated exclusively for … education purposes, including private primary and secondary schools if accredited by a member association of the Texas Private School Accreditation Commission…" TEX. CIV. PRAC. & REM. CODE § 84.003(1)(A). Under Section 84.006 of the Civil Practice & Remedies Code, liability of a charitable organization is limited to "money damages in a maximum amount of $500,000 for each person and $1,000,000 for each single occurrence of bodily injury or death…"

5.      On or about April 25, 2011, Plaintiffs filed their First Amended Petition (the "Amended Petition"). In that Amended Petition, Plaintiffs asserted, for the first time, that "ESD [has not] complied with the requirements of a charitable institution under Internal Revenue Code § 501(c)(3), and therefore they must be barred from no [sic] invoking the protections of such a statute." *See* Appendix Exhibit C at Tab 146.

6.      Shortly thereafter, on May 13, 2011, Plaintiffs filed their *Response to ESD's Partial Motion for Summary Judgment and No-Evidence Motion for Summary Judgment that it is*

---

[1] The Corporation of the Episcopal Diocese of Dallas was also named as a party in the Original Petition, but it has since been nonsuited. *See* Appendix Exhibit C at Tab 46. ESD is the only defendant at this time.

*a Charitable Institution Subject to Damages Cap* (the "Summary Judgment Response"). *See* Appendix Exhibit C at Tab 157. In their Summary Judgment Response, Plaintiffs contend that ESD is not entitled to 501(c)(3) protections because ESD has failed to file tax returns and/or is not affiliated with any religious organization. *See* Appendix Exhibit C at Tab 157, pp. 16-20.

7. Finally, on May 18, 2011, Charla Aldous, counsel for Plaintiffs, served a letter on counsel for ESD, stating that she was preparing "Plaintiffs' Emergency Motion for Clarification of the Court's Protective Order, or in the alternative, Motion for Order Authorizing Release of Tax Information to the Internal Revenue Service and U.S. Attorney's Office." (the "Threatened Motion") *See* Exhibit D hereto. In her letter, Ms. Aldous explains that in the Threatened Motion, Plaintiffs "will set out in detail the tax fraud that ESD has perpetrated on the United States Government by fraudulently claiming it is 'church-affiliated' when by the sworn testimony it is not."

8. Thus, Plaintiffs have now clarified that they seek a determination in this lawsuit that ESD has not complied with federal law, and will request that ESD's 501(c)(3) status be adjudicated by the Court. In so doing, Plaintiffs have voluntarily invoked federal-question jurisdiction.

## II. REMOVAL PROCEDURE

9. Civil actions over which the district courts have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending in state court. 28 U.S.C. § 1441(a). This Court is the proper Court for removal of the State Court Action.

10. This Notice of Removal is filed within thirty days after receipt of the Plaintiffs' Amended Petition in compliance with 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty

days after receipt by the defendant . . . of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable . . . .").

      11.     ESD has no co-defendants from whom it must seek consent for removal.  (*See* Amended Petition ¶ 2).

      12.     Pursuant to Northern District of Texas Local Rule LR 81.1, and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

     a.    An index of all documents that clearly identifies each document and indicates the date that the document was filed in the State Court Action is attached to the **Appendix** to this Notice of Removal ("Appendix") as **Exhibit A**.[2]

     b.    A certified copy of the State Court Action docket sheet is attached to the **Appendix** as **Exhibit B**.

     c.    Copies of all process, pleadings and orders in the State Court Action, individually tabbed and arranged in chronological order according to the state court file date, attached to the **Appendix** as **Exhibits C(1) through C(163)**.

     d.    A completed civil cover sheet and supplemental civil cover sheet are filed herewith.

     e.    A Certificate of Interested Persons is filed herewith.

     f.    A true and correct copy of a May 18, 2011 letter from Charla Aldous to Chrysta Castañeda is attached to the **Appendix** as **Exhibit D**.

      13.     ESD will promptly give all parties written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the County Court at Law Number 1, Dallas County, Texas, where the action is currently pending. *See* 28 U.S.C. § 1446(d).

---

[2] Because the State Court Judge has entered a protective order to protect the identities of the Plaintiffs, the Appendix and the Certificate of Interested Persons are being filed Under Seal with a Motion and Proposed Order.

### III. GROUNDS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

14.    "Federal-question jurisdiction . . . will lie over some state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *see also Buis v. Wells Fargo Bank, N.A.,* 401 F. Supp. 2d 612, 615 (N.D. Tex. 2005); *Leggette v. Wash. Mut. Bank, F.A.,* No. 3:03-CV-2909-D, 2005 WL 2679699, at *2 (N.D. Tex. Oct. 19, 2005). This well-settled doctrine embodies the commonsense notion that federal courts should be empowered to hear state law claims that "turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312; *Leggette*, 2005 WL 2679699, at *2. For the reasons discussed below, Plaintiffs have pled a federal controversy under 28 U.S.C. § 1331, and removal is therefore appropriate under 28 U.S.C. § 1441(b).

15.    Federal question jurisdiction exists in this case because Plaintiffs' claims constitute and indeed are dependent upon "a dispute or controversy respecting the validity, construction or effect of [federal] law." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (alteration in original) (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)). The Supreme Court has held that when a state-law claim implicates significant federal issues, removal is appropriate. *Id.* at 312.

16.    In this case, Plaintiffs have now put ESD's 501(c)(3) status in issue. Plaintiffs have also now made clear that they will seek a determination from the Court of ESD's 501(c)(3) status. ESD's 501(c)(3) status is a function of federal law, specifically, the Internal Revenue Code. Such allegations implicate significant federal issues and require a federal forum. *See Bobo v. Christus Health*, 359 F. Supp. 2d 552, 555 (E.D. Tex. 2005) (denying remand and

finding that plaintiff's invocation of the defendant's 501(c)(3) status conveyed federal question jurisdiction).

17.      Plaintiffs' attack on ESD's 501(c)(3) status is at the heart of the Plaintiffs' claims. Whatever their theory of recovery, Plaintiffs' claims are dependent on the Charitable Immunity conferred under Chapter 84 of the Civil Practice & Remedies Code. Thus, ESD's 501(c)(3) status is an essential issue at the heart of the Plaintiffs' claims against ESD, and any recovery against ESD clearly "depends on [the Court's] construction and application of the federal tax code vis-à-vis [ESD's] tax-exempt status." *See Bobo*, 359 F. Supp. 2d at 556; *see also Becnel v. KPMG LLP,* 387 F. Supp. 2d 984, 986 (W.D. Ak. 2005) (denying remand where plaintiffs' claims necessitate interpretation of sections of the Internal Revenue Code); *Schulze v. Legg Mason Wood Walker, Inc.*, 865 F. Supp. 277, 284 (W.D. Pa. 1994) (finding removal proper since plaintiffs' claims required an interpretation of section 6332(a) of the Internal Revenue Code).

18.      Moreover, Plaintiffs have voluntarily chosen to attack ESD's 501(c)(3) status when they need not have done so. For example, the Civil Practice & Remedies Code excepts from immunity acts or omissions that are "intentional, willfully negligent, or done with conscious indifference or reckless disregard for the safety of others" TEX. CIV. PRAC. & REM. CODE § 84.007(a). While ESD denies that this exception applies, it notes that Plaintiffs have asserted gross negligence in their Amended Petition. Thus, the recent decision to attack ESD's 501(c)(3) status is voluntary and brings this case into the Federal Court's domain.

19.      Federal question jurisdiction also exists in this case because a Texas state court lacks jurisdiction to adjudicate ESD's charitable status under federal law. *See McCoy v. East Texas Med. Ctr. Reg'l Healthcare Sys.*, 388 F. Supp. 2d 760, 767 (E.D. Tex. 2005). Because Plaintiffs have pleaded a cause of action that the State Court has no jurisdiction to hear, removal of this case is proper.

## PRAYER

WHEREFORE, ESD requests that the action now pending against it in the County Court at Law Number One of Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division, and further requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

Chrysta L. Castañeda
  Texas State Bar No. 15325625
A. Shonn Brown
  Texas State Bar No. 24007164
Ethan M. Lange
  Texas State Bar No. 24064150
**LOCKE LORD BISSELL & LIDDELL LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800
E-Mail:  ccastaneda@lockelord.com

**ATTORNEYS FOR DEFENDANT**
**THE EPISCOPAL SCHOOL OF DALLAS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the above and foregoing instrument has been served via hand delivery and fax on the following counsel of record on this 20th day of May 2011, as follows:

**Charla G. Aldous**
**Brent R. Walker**
ALDOUS LAW FIRM
2311 Cedar Springs Road, Suite 200
Dallas, Texas 75201
Fax: 214-526-5525

Chrysta L. Castañeda

## CERTIFICATE OF NOTICE

The undersigned certifies that on May 20, 2011, concurrent with this filing, a copy of the Notice of Removal of this action was filed with the clerk of the County Court at Law Number One of Dallas County, Texas, in accordance with the Federal Rules of Civil Procedure. A copy of this Notice of Removal was attached to the Notice to the State Court.

Chrystal L. Castañeda