IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN DOE I, JANE DOE I, AND JANE DOE II,<br>            *Plaintiffs,*<br>v.<br><br>THE EPISCOPAL SCHOOL OF DALLAS, INC.,<br>            *Defendant.* | CIVIL ACTION NO. 3:11-CV-1058-L |

**PLAINTIFFS' EMERGENCY MOTION FOR REMAND AND FOR SANCTIONS, REQUEST FOR EXPEDITED CONSIDERATION, AND BRIEF IN SUPPORT**

Respectfully submitted,

 /s/ Charla G. Aldous
CHARLA G. ALDOUS
State Bar. No. 20545235
BRENT R. WALKER
State Bar No. 24047053
ALDOUS LAW FIRM
2311 Cedar Springs Rd., Suite 200
Dallas, TX 75201
Phone: 214.526.5595
Fax: 214.526.5525

ATTORNEYS FOR PLAINTIFFS

TABLE OF CONTENTS

I. Request for Emergency Consideration . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Relevant Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. Legal Standard for Removal and Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. The Federal Court lacks Subject Matter Jurisdiction as Plaintiffs' Claims
Arise Solely under State Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. The caselaw relied upon by ESD proves why ESD's claim of jurisdiction fails . . . 7

V. Under ESD's Analysis, the Removal Is Untimely and ESD has
Waived its Right to Seek Removal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

VI. The Court Should Award Fees and Costs for this Motion to Remand and
Sanction Chrysta Castaneda for a Dilatory Removal . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

VII. Conclusion and Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## TABLE OF AUTHORITIES

<u>CASES</u>

*Bobo v. Christus Health*, .................................................................. 7, 8
    359 F. Supp. 2d 552 (E.D. Tex. 2005)

*Bosky v. Kroger Tex., LP*, ..................................................................... 3
    288 F.3d 208 (5th Cir. 2002)

*Brown v. Demco, Inc.*, ........................................................................ 10
    792 F.2d 478 (5th Cir. 1986)

*Caterpillar, Inc. v. Lewis*, .................................................................. 10
    519 U.S. 61 (1996)

*Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, ............................ 12
    2011 WL 240335 (S.D. Tex. 2011)

*Davis v. Veslan Enterprises*, ............................................................... 12
    765 F.2d 494 (5th Cir. 1985)

*Empire Healthchoice Assur., Inc. v. McVeigh*, .............................................. 4
    547 U.S. 677 (2006)

*Gutierrez v. Flores*, ....................................................................... 5, 6
    543 F.3d 248 (5th Cir. 2008)

*Howery v. Allstate Ins. Co.*, ................................................................. 5
    243 F.3d 912 (5th Cir. 2001)

*International Primate Prot. League v. Administrators of Tulane Educ. Fund*, ............... 5
    500 U.S. 72 (1991)

*In re Episcopal School of Dallas, Inc.*, ..................................................... 3
    2011 WL 1797602 (Tex. App.–Dallas, May 12, 2011)

*Johnson v. Heublein, Inc.*, ................................................................. 10
    227 F.3d 226 (5th Cir. 2000)

*Louisville & Nashville R. Co. v. Mottley*, ................................................... 1
    211 U.S. 149 (1908)

*Luckett v. Harris Hospital - Fort Worth,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    764 F. Supp. 436 (N.D. Tex. 1991)

*Martineau v. Arco Chem. Co.,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    203 F.3d 904 (5th Cir. 2000)

*McCoy v. East Texas Med Ctr. Reg'l Healthcare Sys.,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    388 F. Supp. 2d 760 (E.D. Tex. 2005)

*Merrell Dow Pharms. v.Thompson,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    478 U.S. 804 (1986)

*Nielsen v. Archdiocese of Denver,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    413 F.Supp.2d 1181 (D. Colo. 2006)

*Samuel v. Langham,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    780 F. Supp. 2d 424 (N.D. Tex. 1992)

*Shamrock Oil & Gas Corp. v. Sheets,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    313 U.S. 100 (1941)

*Singh v. Duane Morris UP,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    538 F.3d 334 (5th Cir. 2008)

*Syngenta Crop Protection, Inc. v. Henson,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    537 U.S. 28 (2002)

*Vaden v. Discover Bank,* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    _ U.S. _, 129 S.Ct. 1262 (2009)

**S<span style="font-variant:small-caps">TATUTES AND</span> R<span style="font-variant:small-caps">ULES</span>**

28 U.S.C. § 1446(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11, 12

F<span style="font-variant:small-caps">ED</span>. R. C<span style="font-variant:small-caps">IV</span>. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

T<span style="font-variant:small-caps">EX</span>. C<span style="font-variant:small-caps">IV</span>. P<span style="font-variant:small-caps">RAC</span>. & R<span style="font-variant:small-caps">EM</span>. C<span style="font-variant:small-caps">ODE</span> § 84.006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

For over a century, the law in this country has been that with respect to federal question jurisdiction, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."[1] The Episcopal School of Dallas, Inc. ("ESD"), the Defendant in this case, ignores this well-established rule and has attempted to remove this case because an element of its own state law defense, that may or may not even apply in this case, considers its own tax status. A simple review of Plaintiffs' own causes of action show that *Plaintiffs'* claims only involve state law causes of action for negligence and fraud arising out of the sexual abuse of a minor and have nothing to do with federal law. ESD's conduct in removing the case has nothing to do with valid legal reasoning or authority. Rather, ESD's conduct is merely an effort of a party to avoid a trial setting on June 6, 2011 in a case that, for whatever reason, it does not want to try.

John Doe I, Jane Doe I, and Jane Doe II, the Plaintiffs in this case, file this Emergency Motion for Remand, requesting expedited consideration of same, and additionally seek their fees and costs, as well as sanctions against ESD for filing this dilatory removal on the eve of trial.

## I.
## REQUEST FOR EMERGENCY CONSIDERATION

This case is specially set for trial on June 6, 2011.[2] As will be shown below, there is no federal subject matter jurisdiction or good faith basis for the removal of this case, but ESD nevertheless filed it for dilatory reasons solely to disturb the trial setting. In fact, ESD filed its Notice of Removal just hours before a pretrial hearing in front of Judge Benson.

---

[1] *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[2] Appx. 1, Notice of Trial Setting.

Plaintiffs therefore request that this Court consider this Motion for Remand on an emergency and expedited basis so that the Court can remand and send the case back to the state court within the week. Important hearings and filings need to occur so that this case can be ready for trial, and if this matter is not heard on an expedited basis, then Plaintiffs will be greatly prejudiced and ESD will have attained the delay it sought in filing this dilatory removal.

## II.
### RELEVANT BACKGROUND

This is a sexual abuse, negligence, and fraud case seeking damages from The Episcopal School of Dallas, Inc. ("ESD") arising out of the sexual assault and expulsion of Jane Doe II, a student at ESD from the time she was in kindergarten until her junior year in high school. Jane Doe II was a minor and in her sophomore year when her teacher and ESD employee John Nathan Campbell groomed and sexually abused her. ESD did nothing to prevent the sexual abuse or protect Jane Doe II. After the police discovered what Campbell was doing, ESD began to sweep the matter under the rug. ESD allowed Campbell to resign but then expelled and revictimized Jane Doe II as if she was to blame.

Jane Doe II is now graduating from high school and leaving for college in the fall. Plaintiffs made it clear that they wanted to try this case before Jane Doe II left for college. On September 15, 2010, *pursuant to a negotiated agreement between Plaintiffs and ESD*, this case was specially set by Judge D'Metria Benson of the County Court at Law No. 1 for trial on June 6, 2011–a date originally proposed by ESD.

As the trial approached, ESD began trying everything possible to avoid the agreed special setting. ESD filed multiple motions for continuance. Counsel for ESD, Chrysta Castaneda, agreed

to another special setting on the same day in a different, older case in an effort to argue that the other case trumped this case.

After Judge Benson ultimately declined to grant ESD its requested continuances, ESD filed a Petition for Writ of Mandamus on May 4, 2011 in the Dallas Court of Appeals and sought emergency relief to stay the June 6 trial setting. Plaintiffs filed their Response to the Petition on Tuesday May 10, 2011. On Friday, May 12, 2011, the Dallas Court of Appeals denied ESD's Petition for Writ of Mandamus.[3]

Following the denial of the Mandamus, Judge Benson set a pretrial hearing for May 20, 2011. A few hours before this hearing and without advance notice to Plaintiffs, ESD filed its Notice of Removal. It is clear from ESD's conduct that this removal is for dilatory reasons only and is but ESD's latest procedural trick to try to avoid trying the case it so desperately wants to avoid. As Plaintiffs will show, there is no legal basis for the removal, and the Court should grant Plaintiffs' Motion for Remand expeditiously so that Judge Benson can proceed with trying this case.

### III.
### LEGAL STANDARD FOR REMOVAL AND JURISDICTION

The courts strictly construe the removal statutes in favor of remand and against removal.[4] As the removing party, Defendant bears the burden of establishing the basis for federal jurisdiction.[5] This Court must strictly construe the removal statute and resolve all doubts in favor of remanding the case

---

[3] *In re Episcopal School of Dallas, Inc.*, 2011 WL 1797602 (Tex. App.–Dallas, May 12, 2011) (orig. proceeding).

[4] *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir.2002).

[5] *Martineau v. Arco Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000).

to the state court.[6] When there is a doubt as to the right to removal in the first instance, ambiguities are to be construed against removal.[7]

In this case, ESD's claims federal question jurisdiction as the basis for removal. In explaining the test for federal question jurisdiction, the Supreme Court in *Vaden v. Discover Bank* held:

> Under the longstanding well-pleaded complaint rule, however, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Federal jurisdiction cannot be predicated on an actual or anticipated defense: "It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of [federal law]."[8]

Federal courts do not have to consider responsive pleadings in determining whether a case arises under federal law.[9] A defense that raises a federal question does not give the court federal-question jurisdiction.[10]

A case arises under federal law only if a well-pleaded complaint establishes that either (1) federal law creates the cause of action or (2) the plaintiffs right to relief necessarily depends on the resolution of a substantial question of federal law.[11] To determine whether a court has federal-question jurisdiction, it must consider the degree to which federal law is at the forefront of the

---

[6] *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

[7] *Samuel v. Langham*, 780 F. Supp. 2d 424, 427 (N.D. Tex. 1992); *Luckett v. Harris Hospital - Fort Worth*, 764 F. Supp. 436, 442 (N.D. Tex. 1991).

[8] *Vaden v. Discover Bank*, _ U.S. _, 129 S.Ct. 1262, 1272 (2009).

[9] *Id.*

[10] *Id.*

[11] *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006); *Singh v. Duane Morris UP*, 538 F.3d 334, 337-38 (5th Cir. 2008).

case-not collateral, peripheral, or remote.[12] Generally, if a federal law does not provide a private cause of action, a state law cause of action based on its violation does not raise a federal question.

When there is no subject-matter jurisdiction, remand is mandatory.[13]

## IV.
### THE FEDERAL COURT LACKS SUBJECT MATTER JURISDICTION AS PLAINTIFFS' CLAIMS ARISE SOLELY UNDER STATE LAW

ESD's only claimed basis for removal is federal question jurisdiction. As there is no federal question at issue in this case, there is no subject matter jurisdiction and remand is mandatory.

There is no federal question jurisdiction because a review of Plaintiffs' allegations under the well-pleaded complaint rule shows that *Plaintiffs' claims* are state law claims. The Court is required to only review of the Plaintiffs' causes of action, not any defenses:

> Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, *there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action*." "[T]he fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction."[14]

Thus, the Court should look at only at Plaintiffs' causes of action and determine whether they arise under state law or federal law. The Court should not consider ESD's defenses, Plaintiffs' counter-defenses to ESD's defenses. The inquiry should focus only on Plaintiffs' affirmative claims for relief.

---

[12] *See Merrell Dow Pharms. v.Thompson*, 478 U.S. 804, 813-14 (1986); *Howery v. Allstate Ins. Co.*, 243 F.3d 912,917 (5th Cir. 2001).

[13] 28 U.S.C. §1447(c); *International Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991).

[14] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (internal citations omitted) (emphasis added).

The allegations both in Plaintiffs' Original Petition[15] and Plaintiffs' First Amended Petition[16] show that Plaintiffs' allegations all arise under Texas law.  Plaintiffs have alleged as causes of action assault, negligence, fraud, negligent undertaking, defamation, and gross negligence.[17]  All of those claims are state tort law claims.  **If ESD defaulted, there would be federal issue or question for the state court to resolve**.

In defending itself, ESD has asserted[18] a right to a limitation on damages afforded to certain "charitable organization" under TEXAS CIVIL PRACTICE & REMEDIES CODE § 84.006.[19]  To be entitled to such a limitation on damages, one thing ***ESD has the burden to prove*** is that it is a "organization exempt from federal income tax under Section 501(a) of the Internal Revenue Code of 1986 by being listed as an exempt organization in Section 501(c)(3)."[20]  Thus it is ***ESD's defense*** that has raised the specter of ESD's 501(c)(3) status.  A defense raised by a school accused of sexual abuse is not sufficient to create a federal question.[21]

ESD argues that Plaintiffs made ESD's 501(c)(3) status part of Plaintiffs' case by asserting a ***counter-defense to ESD's defense***.  On the contrary, Plaintiffs merely alleged that the Charitable

---

[15] Appx. 2-24, Plaintiffs' Original Petition.

[16] Appx. 25-50, Plaintiffs' First Amended Petition.

[17] *See* Appx. 37-45.

[18] Appx. 51-53, ESD's Original Answer.

[19] TEX. CIV. PRAC. & REM. CODE § 84.006.

[20] § 84.003(1)(A).

[21] *Gutierrez*, 543 F.3d at 252;  *see also Nielsen v. Archdiocese of Denver*, 413 F.Supp.2d 1181, 1182-84 (D. Colo. 2006) (holding that state negligence claims against church for sexual abuse do not involve a federal question because of defenses raised by defendant church and therefore remanding the claims to state court).

Immunity Act does not apply in this case, but to the extent it does, ESD should be estopped from seeking its protections under a doctrine of state law estoppel. Plaintiffs does not have a cause of action related to ESD's 501(c)(3) status. Plaintiffs are not seeking any independent damages regarding ESD's 501(c)(3) status or through its estoppel counter-defense. If ESD dropped its defense, Plaintiffs' counter-defense would also be dropped and then there would be no issue regarding ESD's 501(c)(3) status in this case. In other words, the issue is being raised only by ESD's pleadings and has nothing to do with Plaintiffs' causes of actions.

Because no cause of action asserted by Plaintiffs relate to ESD's 501(c)(3) status or any federal law, then under the well-pleaded complaint rule, there is no federal question and no subject matter jurisdiction for this Court. The case must be remanded.

A.     **The caselaw relied upon by ESD proves why ESD's claim of jurisdiction fails**.

ESD cites to two cases for the proposition that federal courts have jurisdiction to resolve questions with respect to 501(c)(3) status.[22] However, neither of those cases apply to the instant case and in fact show the flaw in ESD's analysis. Both *Bobo* and *McCoy* involve cases in which the plaintiff's cause of action was a third party beneficiary breach of contract claim related to "dozens of similar lawsuits filed in federal district courts across the country on behalf of putative classes of uninsured and indigent patients based upon legal theories identical to those advanced by the Plaintiffs."[23] *McCoy* has absolutely no application in this context because that was filed in federal court and there was no discussion of jurisdiction at all. *Bobo* did involve a state case that was removed,

---

[22] *See Bobo v. Christus Health*, 359 F. Supp. 2d 552, 555 (E.D. Tex. 2005); *McCoy v. East Texas Med Ctr. Reg'l Healthcare Sys.*, 388 F. Supp. 2d 760, 767 (E.D. Tex. 2005).

[23] *McCoy*, 388 F. Supp. 2d at 762.

but the reasoning in that case does not apply to this case because the issue of the defendant's 501(c)(3) status was central to the plaintiff's standing to even bring the suit as a third party beneficiary.

In *Bobo*, the court noted that because the plaintiff's claim is a third-party beneficiary breach of contract claim, the interpretation of the claimed "contract" between the hospital and the government was a necessary, dispositive question in the case:

> Whether Bobo can ultimately prevail necessarily depends on whether Christus entered into an agreement with the United States and/or public charitable trust pursuant to 26 U.S.C. § 501(c)(3), and whether plaintiff and others similarly situated are the intended third-party beneficiaries under the federal statute…the existence of an alleged contract between Christus and the United States and the determination of the plaintiff's standing pursuant to 26 U.S.C. § 501(c)(3) are substantial and likely dispositive of many of her claims.[24]

Thus, in those cases, the central, foundational issue was whether the plaintiffs were third beneficiaries, and the courts determined the plaintiffs were not and thereby disposed of those claims.

Contrast those the centrality of a standing inquiry in those cases with this case in which ***none*** of Plaintiffs' claims rely upon an interpretation of a federal statute and all rely on state law principles. It is ESD's raised defense–not Plaintiffs' claims–that *may* involve an inquiry as to whether ESD is a 501(c)(3) entity.[25] But nevertheless, the inquiry as to whether ESD meets the standard of a "charitable organization" and whether ESD is entitled to a cap on damages if certain conditions are met is not an inquiry *dispositive* of Plaintiffs' causes of action. The difference between this case and the two cases relied upon by ESD shows that this Court does not have such jurisdiction over these state law claims

---

[24] *Bobo*, 359 F. Supp. 2d at 556, 557.

[25] Under the statute, the Charitable Immunity Act may not apply in a number of circumstances, including if ESD does not maintain appropriate insurance, if the jury finds intentional conduct, if the jury finds gross neglect, or if the jury finds gross negligence, among other considerations. Moreover, the Act will not apply unless Plaintiffs' prevail and damages exceed $500,000.00. Therefore, there are a number of contingencies before the state court would even get to the question of whether ESD is a 501(c)(3) entity. It certainly is not a "central" part of Plaintiffs' case.

because, contrary to those cases, Plaintiffs' claims do not rely upon a determination of ESD's tax-exempt status in any way to be viable.

Under ESD's analysis, the Texas Legislature unknowingly created federal question jurisdiction in every case against a charity when it enacted TEXAS CIVIL PRACTICE & REMEDIES CODE § 84.002 and tied the definition of "charitable organization" to tax-exempt status under the Internal Revenue Code. ESD cannot point to any basis in the statute or caselaw to allege that the Texas Legislature intended to or could create federal question jurisdiction by drafting the statute in that manner. In construing its analysis against removal, this Court should not adopt ESD's analysis that ESD's attempt to take advantage of a state law damage cap, and Plaintiffs attempt to avoid that damage cap, is sufficient to create federal question jurisdiction because the Texas Legislature defined a term with reference to tax-exempt status. The Court should instead remand this case expeditiously.

## V.
## UNDER ESD'S ANALYSIS, THE REMOVAL IS UNTIMELY AND ESD HAS WAIVED ITS RIGHT TO SEEK REMOVAL

ESD incorrectly claims in its Notice that "Plaintiffs' attack on ESD's 501(c)(3) status is at the heart of the Plaintiffs' claims." As noted above, ESD's 501(c)(3) status has nothing to do with Plaintiffs' claims and only is collateral to ESD's defense. If ESD drops the defense, if the jury finds gross negligence, or if the damages in this case never rise to the level of the cap, then the 501(c)(3) status is completely irrelevant to even ESD's defense of this case.

However, even if ESD were correct and its status is at "the heart" of this case, ESD's removal is untimely and ESD has waived its right to seek removal as a result of its conduct in the state court.

Removal cannot be undertaken whenever a defendant elects. If a suit is not removable at the time of the initial filing but becomes removable later, the notice of the removal must be filed within 30 days after the defendant's receipt of a copy of a pleading, motion, order, or other paper from which the defendant can ascertain that the case has become removable.[26] Moreover, if a defendant proceeds to defend a case in a state court, it waives it right to remove.[27] Importantly, a defendant's moving for summary judgment on an issue before removal is a basis for finding waiver of a right to rely upon that issue as a basis for removal.[28]

Applying ESD's own argument that its status as a 501(c)(3) entity has become an issue in this case, ESD was aware of this from the moment ESD first raised the issue as part of its affirmative defense on June 11, 2010.[29] In fact, ESD brought the issue into the case and sought dispositive summary judgment on it. Countless activities occurred in the case in which the topic of ESD's 501(c)(3) status was at issue, and ESD allowed the matter to be litigated in the state court, answering discovery and seeking relief on the topic:

1. On July 22, 2010, Plaintiffs sent Request for Production inquiring as to ESD's 501(c)(3) status.[30]

2. On October 8, 2010, Plaintiffs and ESD argued to the Court about Plaintiffs right to information surrounding ESD's 501(c)(3) status.[31]

---

[26] 28 U.S.C. § 1446(b); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996).

[27] *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

[28] *Johnson v. Heublein, Inc.*, 227 F.3d 226, 244 (5th Cir. 2000).

[29] Appx. 51-53, ESD's Original Answer.

[30] Appx. 64, Plaintiffs' Request for Production to ESD, ¶ 49-51.

[31] Appx. 73-80, Hearing on Plaintiffs' Motion to Compel.

3.  On October 15, 2010, ESD filed a Second Motion for Protection that sought affirmative relief from the Court to protect ESD from having to disclose information regarding its 501(c)(3) status.[32]

4.  On November 17, 2011, Plaintiffs sent interrogatory questions regarding ESD's 501(c)(3) status.[33]

6.  On December 29, 2010, ESD filed a Motion for Partial Summary Judgment requesting the trial court give ESD affirmative relief and make determinations regarding ESD's 501(c)(3) status.[34]

It is clear that ESD knew the issue regarding its tax-exempt status as it relates to ESD's charitable immunity defense was an issue for almost a year–far more than 30 days–so it is untimely to raise it now. Moreover, ESD allowed its 501(c)(3) status to be litigated and even sought dispositive relief on the very topic in the trial court, thereby waiving any right to use it as a basis for removal.

Despite knowing about this issue since last summer and fall, and despite affirmatively submitting the issue on its merits to the state court for determination five months ago, ESD now claims that any issue with respect to its 501(c)(3) status must now be determined by the federal court. This Court must find that ESD waived and failed to timely seek removal of this matter and remand the case to the trial court.

## VI.
### THE COURT SHOULD AWARD FEES AND COSTS FOR THIS MOTION TO REMAND AND SANCTION CHRYSTA CASTANEDA FOR A DILATORY REMOVAL

Under the fee-shifting provisions of 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of

---

[32] Appx. 89-91, ESD's Second Motion for Protection.

[33] Appx. 95-96, Plaintiffs' Interrogatories to ESD.

[34] Appx. 99-101, ESD's Partial Motion for Summary Judgment.

the removal."[35] The fee-shifting award should only look to the legal propriety of the removal, not the motive.[36] However, if the Court determines that the removal was for the improper purpose of harassment or to delay a trial, the Court can award sanctions against the attorney in addition to the client.[37]

ESD's asserted basis for removal is implausible and unreasonable. None of Plaintiffs' causes of action deal with a federal question, and the claimed basis for jurisdiction is a collateral matter to ESD's defense that ESD had already submitted to the state court to decide on summary judgment. There simply cannot be an objective, good faith basis for ESD to have removed this case.

The lack of a good faith basis, coupled with the timing of the removal–so close to the June 6 trial setting, after ESD lost an attempted mandamus to avoid the trial setting, and after multiple failed motions for continuance to avoid the trial setting–make it reasonable to infer that the removal was brought for the improper purpose of delay in hopes of avoiding the trial setting. Therefore this Court should award additional sanctions against ESD's counsel Chrysta Castaneda who has repeatedly filed frivolous pleadings to prevent this case going forward, including this Notice of Removal, wasting Plaintiffs', Judge Benson's, the Dallas Court of Appeals', and now this Court's time and resources. This type of gamesmanship should be rejected by this Court.

---

[35] 28 U.S.C. § 1447(c).

[36] *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335 (S.D. Tex. 2011) (noting "In deciding whether to make such an award, the court should consider the legal propriety of the removal, not the motive. Section 1447(c) is not a sanctions rule but a fee-shifting statute that permits the court to make whole the victorious party, regardless of whether the removal was in bad faith or for improper purpose.").

[37] FED. R. CIV. P. 11; *Davis v. Veslan Enterprises*, 765 F.2d 494, 500 (5th Cir. 1985) (lack of reasonable basis for removal couple with circumstances of what defendant was seeking to avoid was sufficient basis to sanction a bad faith removal)

# VII.
## CONCLUSION AND PRAYER

Plaintiffs respectfully pray that this Court grant emergency or expedited consideration, and, upon such consideration, find that this Court lacks subject matter jurisdiction and grant this Emergency Motion for Remand on an expedited basis, so that this case can proceed with the June 6, 2011 special trial setting.  And so this young victim of sexual abuse can have this case tried so that she can move on with her life.

Plaintiffs additionally request that this Court award Plaintiffs their costs and attorneys' fees , as well as award sanctions against ESD and its counsel for this baseless and dilatory removal.

                    Respectfully submitted,

                    __/s/   Charla G. Aldous__
                    **CHARLA G. ALDOUS**
                    State Bar. No. 20545235
                    **BRENT R. WALKER**
                    State Bar No. 24047053
                    **ALDOUS LAW FIRM**
                    2311 Cedar Springs Rd., Suite 200
                    Dallas, TX 75201
                    Phone: 214.526.5595
                    Fax:    214.526.5525

                    **ATTORNEYS FOR PLAINTIFFS**

*\*\*\**

### CERTIFICATE OF CONFERENCE

On May 20, 2011, I contacted counsel for ESD and informed that Plaintiffs were filing this Motion to Remand and seeking an expedited hearing of this Motion due to the approaching trial setting. I also advised that we would be seeking fees and sanctions as a result of the dilatory removal of this matter. Chrysta Castaneda, counsel for ESD, indicated that she was opposed to our requested relief, so this Motion is filed as opposed.

                    __/s/ Brent R. Walker__
                    **BRENT R. WALKER**

*\*\*\**

### CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2011, I electronically transmitted the attached document to the Clerk of the Court and all counsel of record using the ECF System for filing.

                    __/s/ Brent R. Walker__
                    **BRENT R. WALKER**