**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JOHN DOE I,** *ET AL.*,            *Plaintiffs,*<br>v.<br>**THE EPISCOPAL SCHOOL OF DALLAS, INC.**,<br>                                              *Defendant.* | CIVIL ACTION NO. 3:11-CV-1058-L |

**PLAINTIFFS' REPLY TO [DKT. 19] ESD'S RESPONSE TO
PLAINTIFFS' EMERGENCY MOTION FOR REMAND AND FOR SANCTIONS**

Plaintiffs file this Reply to The Episcopal School of Dallas, Inc.'s ("ESD") Response to Plaintiffs' Motion for Remand. Plaintiffs ask the Court to review the actual pleadings in this case, and in so doing, find that under the well-pleaded complaint rule, none of Plaintiffs' *causes of action* involve a federal issue in any way and therefore there is not subject matter jurisdiction and the case should be remanded. Moreover, Plaintiffs ask the Court to find there was not a good faith basis to remove the case, as this is plainly a state sexual assault case, and that ESD removed the case for the dilatory purpose of avoiding the June 6 trial–an effort that has effectively prevailed.

ESD's Response and claim of jurisdiction is premised on one flawed argument that is unsupported in the pleadings or the record. ESD incorrectly claims that Plaintiffs are attempting to "use a state court judge and jury to attempt to strip ESD of its tax-exempt status."[1] ESD then bootstraps its argument for jurisdiction based upon that one flawed argument and proceeds to argue a litany of cases involving federal jurisdiction where a party sues the IRS and other parties for the sole purpose to have tax determinations altered .

The actual pleadings in this case make it clear that Plaintiffs are not affirmatively trying to "strip ESD of its tax-exempt status." Under the well-pleaded complaint rule, Plaintiffs' affirmative

---

[1] See Dkt. 15, ESD's Response to Motion for Remand, p. 10.

causes of action arise only under state law. ESD is the party that interjected the issue of its tax status into this case as part of its defense and Plaintiffs have merely asserted a counter-defense of estoppel which only seeks to prevent ESD from asserting protection under a state statute.

There was not an objective good faith basis to remove this state law case to federal court. It was done to avoid a trial. All that follows has been ESD's attempt to take a contingent, incidental allegation and treat it as if it is the primary issue in the entire case in an effort to justify the dilatory removal.

## I.
### ESD DOES NOT DISPUTE THE PROPER STANDARD OF REVIEW

In Plaintiffs' Motion for Remand, Plaintiffs set forth the well-established rules in the Fifth Circuit that:

> This Court must strictly construe the removal statute and resolve all doubts in favor of remanding the case to the state court. When there is a doubt as to the right to removal in the first instance, ambiguities are to be construed against removal.[2]

ESD does not dispute that this is the appropriate standard for the Court to use in resolving the question for remand. Importantly, ESD's entire basis for jurisdiction relies upon an unfounded argument interpreting Plaintiffs' allegations, so when this standard is applied, the Court must reject ESD's baseless interpretation, resolve all doubts in favor of remand and send the case back to state court.

## II.
### ESD'S DEFENSE IS THE REASON 501(C)(3) WAS INTRODUCED INTO THE CASE

To evaluate this issue, the best starting place is to determine the genesis as to why ESD's 501(c)(3) status was even mentioned in a sexual assault case. ESD's Response suggests that Plaintiffs have made "an unprovoked attack" on ESD's 501(c)(3) status. That claim is flatly false.

---

[2] Dkt. 3, Plaintiffs' Motion for Remand, p. 7-8 (citing, *inter alia*, *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) and *Samuel v. Langham,* 780 F. Supp. 2d 424, 427 (N.D. Tex. 1992)).

ESD interjected its 501(c)(3) status in the case in an attempt to claim protections of a statute that, in certain circumstances, might limit ESD's liability, if the statute applies. ESD first raised the defense of the protection of the act in its Original Answer filed on June 3, 2010.[3]

The statute at issue is Texas Charitable Immunity and Liability Act ("Charitable Act") and specifically the provision at TEX. CIV. PRAC. & REM. CODE § 84.006 which limits the financial liability of a "charitable organization" "except as provided in Section 84.007 of [the Charitable Act]."[4] Section 84.007 is entitled "Applicability" and states that it is does not apply in certain circumstances, including when the conduct at issue is "intentional, wilfully negligent, or done with conscious indifference or reckless disregard for the safety of others" or if the entity does not have liability insurance coverage in effect on any act or omission to which this chapter applies."[5] So, from the outset, it is evident that this is not a statute that applies in all cases. There is an evidentiary component and determinations that must be made by the trier of fact. In addition, there is a burden to prove that an entity is a "charitable organization." The statute defines "charitable organization" in the "Definitions" section as:

> (A) any organization exempt from federal income tax under Section 501(a) of the Internal Revenue Code of 1986 by being listed as an exempt organization in Section 501(c)(3) or 501(c)(4) of the code, if it is a nonprofit corporate, foundation, community chest, or fund organized and operated exclusively for [enumerated purposes].[6]

A party seeking protection therefore has the burden to establish that it meets that definition.

The Charitable Act makes protection under the Act coextensive with various obligations upon an organization seeking coverage under the statue: be a charitable organization, be a 501(c)(3)

---

[3] See Dkt. 3-1, Appx. 51-53, ESD's Original Answer.

[4] TEX. CIV. PRAC. & REM. CODE § 84.006.

[5] § 84.007 (a), (g).

[6] § 84.003.

entity, maintain appropriate insurance levels, do not commit intentional acts or be wilfully negligent, and other issues. In other words, it places a burden of proof on the party seeking the statute's protection to establish the statute's applicability.[7]

Therefore, by asserting protections under the charitable immunity act, ESD–not Plaintiffs–interjected into this case whether it could meet the burden of proof of establishing the applicability of the Charitable Act, including *proving* that ESD is an entity that is "exempt from federal income tax under Section 501(a) of the Internal Revenue Code of 1986 by being listed as an exempt organization in Section 501(c)(3) or 501(c)(4) of the code" and operated for the purposes set forth in the section.

In recognition of this burden of proof, ESD moved for summary judgment on the **very issue** of its 501(c)(3) status.[8] ESD submitted evidence to the trial court on the issue and asked the trial court to make a determination that ESD met the standard of a 501(c)(3) entity. It is only after ESD moved for summary judgment on this issue that Plaintiffs' amended their Petition to include a counter-defense of estoppel and asserted that counter-defense on a grounds to defeat summary judgment.

### III.
### ESD GROSSLY MISCHARACTERIZES PLAINTIFFS' EQUITABLE COUNTER-DEFENSE OF ESTOPPEL

Throughout its Response, ESD's makes repeated claims about the nature of Plaintiffs' Counter-Defense. ESD variously claims that Plaintiffs are seeking that "ESD must be stripped of its 501(c)(3) status by the court"; "to use a state court judge and jury to attempt to strip ESD of its tax-exempt status"; and an "unprovoked", "gratuitous", and "stand-alone attack on ESD's tax-exempt status and not a defense to ESD's charitable immunity defense." According to ESD's

---

[7] *See, e.g., Horizon/CMS Healthcare Corp. v. Auld,* 985 S.W.2d 216, 233 (Tex. App.–Fort Worth 1999) (exemplary damage cap placed factual burden on defendant so was an affirmative defense that must be pleaded).

[8] Dkt. 3-1, Appx. 99-101, ESD's Partial Motion for Summary Judgment.

Response, Plaintiffs are attempting to enlist a state court to make ESD no longer a tax-exempt entity.

Contrary to ESD's arguments, Plaintiffs are not trying to make ESD no longer a 501(c)(3) entity. Rather, Plaintiffs' First Amended Petition clearly shows that Plaintiffs are merely seeking to preclude ESD from claiming protection under the Charitable Act:

> COUNTER-DEFENSES
> 71.  Plaintiffs assert that *any attempt to ESD to avail itself of any protection of the Charitable Immunity Act in TEXAS CIVIL PRACTICE & REMEDIES CODE § 84.007* is barred because ESD's conduct include acts or omissions that were intentional, wilfully negligent, or done with conscious indifference or reckless disregard for the safety of others. Moreover, ESD did not comply with the terms of the act by failing to have the required insurance in place to cover the acts of its employees.
> 72.  *Moreover, ESD must be equitably barred from asserting the protections of those acts [the Charitable Act] by the doctrine of estoppel*. At no time has ESD complied with the requirements of a charitable institution under Internal Revenue Code § 501(c)(3), and therefore they must be barred from no invoking the protections *of such a statute [the Charitable Act]*.[9]

It is evident that Plaintiffs are asserting that ESD must be barred from asserting protections of the Charitable Act and, contrary to ESD's Response, nowhere asks the court to determine that ESD is not a 501(c)(3) entity or should lose its tax-exempt status.

This is a defense of common law estoppel, which is a state equitable defense that arises out of *equity* not federal law.[10] Plaintiffs' equitable counter-defense relies upon state equitable principles, and the elements of the claim are defined by state law. To prevail on a claim for estoppel, nothing that Plaintiffs need to prove as a matter of law requires interpretation of a federal law and nothing will effect ESD's status with the Internal Revenue Service. Rather, the underlying facts that give rise to the equitable defense focuses on ESD's conduct in complying with certain obligations that are set forth in federal law and argues that, even if ESD is putatively a 501(c)(3), for equitable reasons ESD should be precluded from seeking protections of the state Charitable Act.

---

[9] Dkt. 3-1, Appx. 25-50, Plaintiffs' First Amended Petition.

[10] *See, e.g., Hill v. G E Power Systems, Inc.*, 282 F.3d 343, 349 (5th Cir. 2002) ("[T]he lynchpin for equitable estoppel is equity" and the point...is to prevent a situation that "would fly in the face of fairness.").

The Fifth Circuit has explicitly held that reference to conduct violative of federal law as a factual basis of a state law claim does not create federal question jurisdiction.[11] Simply, Plaintiffs' counter-defense does not attempt to "strip ESD of its 501(c)(3) status" and does not involve an issue of federal law.

In what can only characterized as a bad faith argument, ESD actually states in its Response:

> ***"Because the claim that ESD did not comply with the requirements of a charitable institution does not relate to ESD's charitable immunity defense...".***[12]

No fair reading of Plaintiffs' counter-defense of estoppel would permit the argument that it is "not related to ESD's charitable immunity defense." ESD questions the validity of Plaintiffs' Counter-Defense and its effect on ESD's defense, but ESD lacks all credibility in stating that it does not even relate to ESD's charitable immunity defense. The two issues are clearly intertwined.

Oddly, ESD goes to length to argue that alleges that Plaintiffs' counter-defense is meritless as Plaintiffs are barred from challenging ESD's 501(c)(3) status–"Plaintiffs' efforts...will not dispose of ESD's charitable immunity defense or even affect that defense in any way"[13]–an argument that, if correct, would eliminate the very federal jurisdiction ESD's seeks. The Fifth Circuit has held that a claim is not substantial enough to support federal question jurisdiction *unless* the issue raised is not wholly insubstantial, obviously frivolous, plainly insubstantial, or obviously without merit.[14]

---

[11] *Howery v. All-State Ins. Co.*, 243 F.3d 912, 918 (5th Cir. 2001). "Allstate first argues that by mentioning the rules, regulations, and statutes of the FTC, Howery is stating a claim under the federal Fair Credit Reporting Act. A fair reading of the complaint, however, makes clear that it was not invoking the FCRA to state a federal claim. Howery's mention of the FTC rules, regulations, and statutes falls in the middle of a list of alleged Allstate actions that Howery alleged were "further violation[s]" of the Texas Deceptive Trade Practices Act. From its context, ***it appears that Howery's mention of federal law merely served to describe types of conduct that violated the DTPA, not to allege a separate cause of action under the FCRA***. This conclusion is bolstered by the fact that the complaint explicitly alleges that Allstate violated specific sections of the DTPA and Texas Insurance Code and regulations, but makes no explicit mention of any specific federal statute or regulation.

[12] Dkt. 15, ESD's Response to Motion for Remand, p. 11.

[13] *See* ESD's Response 9-10, 3-5.

[14] *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 551 n. 43 (5th Cir.2003).

Thus, ESD's own argument that Plaintiffs' arguments are "infirm" and unavailing would necessitate remand because, according to ESD, Plaintiffs' arguments are "insubstantial" and "without merit." The Court could, applying the rules to "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court,"[15] remand the case because ESD's **own argument** precludes a finding of jurisdiction.

IV
ESD I<small>NCORRECTLY</small> C<small>HARACTERIZES THE</small> E<small>QUITABLE</small> C<small>LAIM OF</small> E<small>STOPPEL AS A</small> F<small>EDERAL</small> I<small>SSUE</small>

As noted, the estoppel counter-defense is an equitable claim, not a federal law issue. ESD argues otherwise and asserts that a counter-defense that involves its tax-status is a federal issue or, alternatively, pre-empted.[16]

However, even if ESD were correct and Plaintiffs' counter-defense did involve federal law, the counter-defense *still* would not be a basis for federal jurisdiction. The Supreme Court has definitively disposed of this issue and rejected the argument ESD advances. In *Franchise Tax Board of the State of California v. Constr. Laborers Vacation Trust of So. California*, the Supreme Court stated unequivocally that a counter-defense that relies on a federal law will not give rise to federal jurisdiction:

> "Thus, a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, ***but also asserts that federal law deprives the defendant of a defense he may raise***. "Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case

---

[15] *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002).

[16] As is noted below, the cases cited by ESD are wholly in inapposite because they deal with direct, affirmative claims for rights to money under the tax code–something that is not at issue in this case.

"arises under" federal law. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."[17]

This rule was cited as recently as this year by the Supreme Court in *Vaden v. Discover Bank*:

"It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of [federal law]."[18]

So irrespective of whether the Counter-Defense arises out of state law or equity–which Plaintiffs' defense does–or under federal law–as ESD alleges–it is still insufficient under the well-pleaded complaint rule to establish subject matter jurisdiction. Therefore ESD's repeated arguments that the estoppel defense involves federal law is unavailing.

### V.
### ESD INCORRECTLY ARGUES THAT PLAINTIFFS' ESTOPPEL DEFENSE IS A STAND-ALONE CAUSE OF ACTION SUFFICIENT UNDER THE WELL-PLEADED COMPLAINT RULE

ESD acknowledged, as it must, that the standard for determining whether there is federal question jurisdiction is the well-pleaded complaint rule. In an effort to fit this square peg in that round hole, ESD attempts to argue that what is clearly a counter-defense should actually be seen as a stand alone cause of action. However, Plaintiffs' pleadings seek no affirmative relief or damages related to ESD's tax status and only seeks to preclude ESD's ability to invoke a defense. Moreover, the issue of ESD's tax status may not even become an issue because the Charitable Act may not even apply in this case.

In the *Franchise Tax* case, the Supreme Court quoted from language in the *Gully* opinion authored by Justice Cardozo which is particularly apt in this case:

"Petitioner will have to prove that the state law has been obeyed before the question will be reached whether anything in its provisions or in administrative conduct under it is inconsistent with the federal rule...The most that one can say is that a question of federal law is lurking in the background, just as farther in the background there lurks a question of

---

[17] *Franchise Tax Board of the State of California v. Constr. Laborers Vacation Trust of So. California*, 463 U.S. 1, 10 (1983) (internal citations omitted).

[18] *Vaden v. Discover Bank*, _ U.S. _, 129 S.Ct. 1262, 1272 (2009).

constitutional law, the question of state power in our federal form of government. A dispute so doubtful and conjectural, so far removed from plain necessity, is unavailing to extinguish the jurisdiction of the states."[19]

So it is here. Plaintiffs will have to prevail on their state causes of action for assault, negligence, etc. before the issue of ESD's damage limitation under the Charitable Act arises and before the issue of whether ESD should be estopped from asserting that protection arises. Plaintiff can prevail on every one of its claims, acquire complete relief in the form of damages, and the issue of the applicability of the Charitable Immunity Act may never apply in this case. Therefore, it cannot be, as ESD alleges, "central to Plaintiffs' claims" and is, in Justice Cardozo's words, "lurking in the background" and "unavailing" to extinguish state jurisdiction.

## VI.
### ESD'S PRE-EMPTION ARGUMENT IS INAPPOSITE

ESD spends several pages arguing pre-emption, but none of the cases cited by ESD are applicable here or involve counter-defenses. Throughout, ESD relies on cases that seek affirmative relief regarding the collection of federal tax, taxes being returned, when the IRS is a party to the case, third-party beneficiary claims under federal law, and actions where parties' sole cause of action is to have a tax exemption declared void. As is evident and established above, Plaintiffs' state law claims are not even comparable as they relate solely to a counter-defense.

## VII.
### ESD FAILS TO SHOW IT DID NOT WAIVE ITS RIGHT FOR REMOVAL

The absurdity of ESD's position with respect to Plaintiffs' Counter-Defense is evident in ESD's attempt to avoid waiver. Plaintiffs' set forth the basis for waiver in their Motion for Remand, and ESD responds without any citation to caselaw but only an odd argument:

> "ESD pled its state-law charitable immunity as a defense, but that was *merely* a defense and it *simply invoked a state-law statute*. When ESD moved for summary judgment, it *merely*

---

[19] *Id.* (citing *Gully,* 299 U.S. at 117).

proved up things such as the fact that it was listed with the IRS as a 501(c)(3) organization."[20]

After spending fifteen pages arguing that Plaintiffs' equitable counter-defense is a federal issue because it questions ESD's conduct with respect to its 501(c)(3) status, ESD attempts to downplay its motion for summary judgment wherein ESD asked the state court to interpret federal law and find as a matter of law it is a 501(c)(3) entity deserving protection. As noted in Plaintiffs' Motion for Remand, on December 29, 2010, ESD submitted its 501(c)(3) status to the trial court by way of its motion for summary judgment and cannot now use Plaintiffs' response to that motion to seek removal–such a right is waived.[21]

## VIII.
### FEES AND EXPENSES

As requested in Plaintiffs' Motion, Plaintiffs request that the Court award fees and expenses under 28 U.S.C. § 1447(c). Contrary to ESD's argument, there was not an objective good faith basis to remove this case and it was done solely for the purpose of delay. Importantly, ESD never specifically denies that it wanted to avoid the June 6 trial setting in seeking the removal. So for the reasons set forth in Plaintiffs' Motion, Plaintiffs request that the Court award such fees and expenses and will submit a fee application upon such a ruling.

## IX.
### CONCLUSION

Plaintiffs respectfully request that the Court remand this case and award fees and expenses because there was not an objective good faith basis for removal and it prejudiced Plaintiffs by costing them their special setting.

---

[20] Dkt. 15, ESD's Response to Motion for Remand, p. 16 (emphasis added).

[21] *Johnson v. Heublein, Inc.*, 227 F.3d 226, 244 (5th Cir. 2000).

Respectfully submitted,

  /s/   Charla G. Aldous
**CHARLA G. ALDOUS**
State Bar. No. 20545235
**BRENT R. WALKER**
State Bar No. 24047053
**ALDOUS LAW FIRM**
2311 Cedar Springs Rd., Suite 200
Dallas, TX 75201
Phone: 214.526.5595
Fax:    214.526.5525

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2011, I electronically transmitted the attached document to the Clerk of the Court and all counsel of record using the ECF System for filing in accordance with this Court's ECF Order.

  /s/   Charla G. Aldous
**CHARLA G. ALDOUS**