# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE, JANE DOE I, and JANE DOE II, | § § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. **3:11-CV-1058-L** |
| THE EPISCOPAL SCHOOL OF DALLAS, INC., | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Emergency Motion for Remand and for Sanctions, filed May 21, 2011. After careful consideration of the motion, response, reply, appendices, record, and applicable law, the court **grants** Plaintiffs' Emergency Motion for Remand and **denies**, as requested, Plaintiffs' Motion for Sanctions.

## I.  Background

On May 17, 2010, Plaintiffs John Doe I and Jane Doe I, filed this action individually and as next friend of Jane Doe II, their then-minor daughter, against The Episcopal School of Dallas, Inc. ("ESD") and Corporation of the Episcopal Diocese of Dallas (the "Diocese") in County Court at Law No. 1. The then-minor daughter is a former student at ESD, and the suit arises as a result of a sexual relationship between the former student and a former ESD teacher. Plaintiffs brought claims of assault, negligence, negligence per se, negligent undertaking, breach of fiduciary duty, fraud, intentional infliction of emotional distress, and gross negligence. Plaintiffs sought actual and

**Memorandum Opinion and Order - Page 1**

exemplary damages against ESD and the Diocese. In October 2010, Plaintiffs nonsuited the Diocese, and it is no longer a party to this action.

Plaintiffs' First Amended Petition was filed on April 26, 2011. Plaintiffs included new allegations, and added claims for defamation and securing the execution of a document by deception in violation of section 32.46 of the Texas Penal Code. Plaintiffs do not include a claim for intentional infliction of emotional distress ("IIED") in the amended petition. The court does not know whether it was an oversight or an intentional omission. The court notes that in the amended pleading there is no "Count Seven," which was the IIED claim in Plaintiffs' Original Petition. Plaintiffs' First Amended Petition contains a "Count Six," and the next count referenced is "Count Eight." In any event, whether intended or not, the IIED claim is not part of Plaintiffs' live pleading.

ESD removed the state court action to federal court on May 21, 2011. ESD contends that this court has jurisdiction because "[f]ederal question jurisdiction . . . will be over some state-law claims that implicate significant federal issues." Def.'s Notice of Removal 5 (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005)). In asserting that federal question jurisdiction exists, ESD sets forth three bases. First, according to ESD, Plaintiffs put ESD's 501(c)(3) status in issue for the first time when they asserted in their First Amended Petition, filed April 26, 2011, that ESD had not complied with or met the requirements for a charitable organization under section 501(c)(3) of the Internal Revenue Code. Second, in their response to ESD's Motion for Partial Summary Judgment, filed May 13, 2011, Plaintiffs contend that ESD does not fall within the protection of the Charitable Immunity and Liability Act of 1987, Tex. Civ. Prac. & Rem. Code Ann. §§ 84.001 *et seq.* (West 2011) (hereafter referred to as the "Act"). Third, on May 18, 2011, ESD's counsel, Ms. Chrysta L. Castañeda, received a letter from Plaintiffs' counsel,

Ms. Charla G. Aldous. In the letter, Ms. Aldous informed Ms. Castañeda that her clients would be filing Plaintiffs' Emergency Motion for Clarification of the Court's Protective Order, or in the alternative, Motion for Order Authorizing Release of Tax Information to the Internal Revenue Service and United States Attorney's Office. The motion, among other things, would "set out in detail the tax fraud that ESD has perpetrated on the United States Government by fraudulently claiming it is 'church-affiliated' when by the sworn testimony it is not."

ESD contends that Plaintiffs, by the three aforementioned-events, have put ESD's 501(c)(3) status in issue and that Plaintiffs seek a determination of its 501(c)(3) status. Under ESD's theory, its 501(c)(3) status is at the heart of Plaintiffs' claims, and any recovery by Plaintiffs necessarily depends on the construction and application of certain provisions of the Internal Revenue Code. In this regard, ESD contends that federal question jurisdiction exists because Plaintiffs' claims constitute and are dependent upon a dispute or controversy respecting the validity, construction, or effect of federal law.

Plaintiffs strenuously disagree that this cases is removable, and argue that all of their claims arise under state law and do not raise a federal question. Plaintiffs contend that ESD's affirmative defense in ESD's Special Exceptions and Original Answer, filed June 10, 2010, is what raised the specter of its 501(c)(3) status and that a defense raised to state law claims is insufficient to create federal question jurisdiction. Further, Plaintiffs contend that ESD waived its right to remove because (1) the removal was untimely, and (2) ESD intentionally invoked the state court's jurisdiction by filing summary judgment motions and seeking an adjudication on the merits of certain issues in state court. As Plaintiffs contend that federal jurisdiction does not exist, they seek a remand of this action to state court.

## II. Rule 12(b)(1) - Subject Matter Jurisdiction

### A. The General Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### B. "Arising Under"

Whether an action "arises under" federal law and creates a federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Thompson*, 478 U.S. at 808 (citation omitted). "Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551, (5th Cir. 2008) (citations omitted). In other words, the *complaint* must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993).

A "corollary of the well-pleaded complaint rule developed in case law, however, is that Congress may so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc). In other words, "[w]hen the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in

reality, based on federal law," and such "claim is then removable under 28 U.S.C. § 1441(b)." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

Further, an action that asserts only state law claims, may "arise under" federal law if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (citations omitted); *Bernhard*, 523 F.3d at 551. This means that a federal district court has jurisdiction over a state claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 at 314. Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," a federal court is to decline jurisdiction if the exercise of its jurisdiction is inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14. Under *Grable*, federal question jurisdiction exists only when "(1) resolving a federal issue is necessary to the resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Morris, LLP,* 538 F.3d 334, 338 (5th Cir. 2008).

In the final analysis, when a plaintiff's pleading only sets forth state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard*, 523 F.3d at 551. With this standard in mind, the court now begins its analysis to

determine whether subject matter jurisdiction exists over this action, that is, whether the action arises under federal law.

### III. Analysis

#### A. Federal Question Jurisdiction

##### 1. Pleadings of the Parties

A review of Plaintiffs' pleadings clearly demonstrates that Plaintiffs have only alleged state law claims. The court has pored over Plaintiffs' original and amended pleadings, and nothing in either document even obliquely references anything other than state law claims. ESD contends that the federal issues first arose in this case when Plaintiffs First Amended Petition was filed on April 26, 2011. In their amended pleading, Plaintiffs asserted "Counter-Defenses" and stated the following:

> 71. Plaintiffs assert that any attempt [of] ESD to avail itself of any protection of the Charitable Immunity Act in Texas Civil Practice & Remedies Code § 84.007 is barred because ESD's conduct include[s] acts or omissions that were intentional, wilfully negligent, or done with conscious indifference or reckless disregard for the safety of others. Moreover, ESD did not comply with the terms of the [A]ct by failing to have the required insurance in place to cover the acts of its employees.
>
> 72. Moreover, ESD must be equitably barred from asserting the protections of those acts by the doctrine of estoppel. At no time has ESD complied with the requirements of a charitable institution under Internal Revenue Code § 501(c)(3), and therefore they must be barred from [] invoking the protections of such a statute.

Pls.' First Am. Pet. ¶¶ 71, 72.

Prior to the amended pleading, *however*, as one of its affirmative defenses filed on June 10, 2010, in response to Plaintiffs' Original Petition, "ESD assert[ed] that it is entitled to Charitable

Immunity pursuant to Texas [Civil Practice and Remedies] Code section 84.001, *et seq.* and/or any other applicable statutes." ESD's Special Exceptions and Original Answer 2. The purpose of the Act is "to reduce the liability exposure and insurance costs of [charitable] organizations and their employees and volunteers . . . to encourage volunteer services and maximize the resources devoted to delivering these services." *Id.* § 84.002(7). For purposes of this action, a charitable organization is defined as follows:

> any organization exempt from federal income tax under Section 501(a) of the Internal Revenue Code of 1986 by being listed as an exempt organization in Section 501(c)(3) or 501(c)(4) of the code, if it is a nonprofit corporation, foundation, community chest, or fund organized and operated exclusively for charitable, religious, prevention of cruelty to children or animals, youth sports and youth recreational, neighborhood crime prevention or patrol, fire protection or prevention, emergency medical or hazardous material response services, or educational purposes, including private primary or secondary schools if accredited by a member association of the Texas Private School Accreditation Commission but excluding fraternities, sororities, and secret societies, or is organized and operated exclusively for the promotion of social welfare by being primarily engaged in promoting the common good and general welfare of the people in a community.

*Id.* § 84.003(1)(A). Accordingly, ESD, by asserting an affirmative defense under the Act, *first* injected its 501(c)(3) status into this action.

Given the acrimonious to-and-fro between the parties and the morass caused by the acrimony, the court "cuts to the chase" and *only* addresses the real issues that are determinative of the pending motions. In doing so, the court disregards all red herrings and other distractions that obfuscate the real issues in this case. If the court did not address an issue the parties raised, it means that the matter was disregarded and of no moment to the court's determination of that issue. Central

to the court's analysis are the issues of affirmative defense asserted by ESD and "counter-defenses" asserted by Plaintiffs.

## 2. Affirmative Defenses and "Counter-Defenses"

It is well-established that affirmative defenses under state and federal law must be pleaded by the party asserting them. Tex. R. Civ. P. 94; Fed. R. Civ. P. 8(c)(1). Equally well-established under state and federal law is that the party asserting an affirmative defense and seeking to rely on it must prove and establish each of the elements of such defense. *Chrysler-Plymouth City, Inc. v. Guerrero*, 620 S.W.2d 700, 706 (Tex. Civ. App. — San Antonio 1981, no writ) (citing *Harris v. Rowe*, 593 S.W.2d 303, 306 (Tex. 1980)); *Federal Trade Comm'n v. National Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004) (citation omitted).

A fundamental flaw in ESD's argument is the characterization of Plaintiffs' "counter-defenses" as claims. ESD's 501(c)(3) status came into play because of the definition of a charitable organization under the Act and ESD's assertion of an affirmative defense under the state Act. Thus, it was ESD, not Plaintiffs, who brought the matter into play. Plaintiffs' "counter-defenses" simply attack or attempt to rebut ESD's affirmative defenses asserted under the Act. As the party asserting the affirmative defense, ESD is required to prove conclusively each of the elements of the defense. If ESD proves conclusively each element of the defense, its damages will be limited to those set forth in section 84.006, except as provided in section 84.007.[*] If ESD's proof fails on any element,

---

[*]Under the Act, the liability of a charitable organization "is limited to money damages . . . of $500,000 for each person and $1,000,000 for each single occurrence of bodily injury . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 84.006 (West 2011). Further, the limitation on liability does not "apply to an act or omission that is intentional, wilfully negligent, or done with conscious indifference or reckless disregard for the safety of others. *Id.* § 84.007(a). Section 84.006 also does not "apply to any charitable organization that does not have liability insurance coverage in effect on any act or omission which this chapter applies." *Id.* 84.007(g).

**Memorandum Opinion and Order - Page 9**

the defense necessarily fails. Moreover, Plaintiffs were under no obligation to even assert the "Counter-Defenses" in Plaintiffs' First Amended Petition, as it is incumbent on ESD to establish conclusively each of the elements of any affirmative defense. If the evidence fails to establish that ESD falls within the definition of a charitable organization, or if it shows that the Act is not applicable, ESD cannot receive the protection of the Act; and this, frankly, has nothing to do with the "counter-defenses" asserted by Plaintiffs.

Plaintiffs seek no affirmative relief or remedy under federal law by way of the "counter-defenses." That Plaintiffs have asserted "counter-defenses" in response to ESD affirmative defenses is quite beside the point, as they had no obligation to assert them. This is so because the burden to prove the affirmative defense on which ESD intends to rely never shifts. It remains on the party asserting and intending to rely on the affirmative defense. *The question that has to be decided in this regard is whether ESD has proved each of the elements necessary to establish the defense, not whether Plaintiffs have asserted a "counter-defense" or set forth evidence to prove a "counter-defense."*

That Plaintiffs' "counter-defenses" question or attack ESD's entitlement to 501(c)(3) status does not transform Plaintiffs' state law claims into federal claims. In no way or form do Plaintiffs' pleadings invoke or seek federal law for relief. Use of legerdemain and mischaracterization of an opponent's pleadings will not transform a nonremovable case into one that is removable. ESD recognizes that the label given to a pleading does not control how it is to be interpreted. As the Fifth Circuit aptly stated, "We have frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." *Edwards v. City of Houston*, 404 F2d 933, 936 (5th Cir. 2005). Although ESD recognizes this principle of law, it distorts the true nature of Plaintiffs' "counter-defenses," as Plaintiffs only seek to prevent ESD from receiving the protection of the Act.

**Memorandum Opinion and Order - Page 10**

They have not requested the state court to determine that ESD is not a 501(c)(3) organization or that it should lose its tax status. Plaintiffs simply attack whether ESD should be entitled to what it asserts as an affirmative defense.

What ESD attempts to do is use a defense to create a federal question; however, as precedent makes clear, a defense that raises a federal question is insufficient to create federal jurisdiction. *Thompson*, 478 U.S. at 808. Moreover, ESD provides no exception to the well-pleaded complaint doctrine that serves as a basis for federal jurisdiction. As this doctrine cannot be a basis for federal jurisdiction, the case is not removable.

### 3. Preemption

According to ESD, since Plaintiffs challenge ESD's 501(c)(3) status, federal jurisdiction exists because the court necessarily has to apply, interpret, and resolve substantial questions of law under the Internal Revenue Code. Under such circumstances, ESD contends that the Internal Revenue Code provides the exclusive remedy and that Plaintiffs' state law claims are therefore preempted. The court disagrees with ESD because of the flawed argument that its 501(c)(3) status is being challenged and because of the authority relied on by ESD.

In support of this argument, ESD relies heavily on *Sigmon v. Southwest Airlines Co.*, 110 F.3d 1200, 1204 (5th Cir.), *cert denied*, 552 U.S. at 950 (1997). Reliance on this case is misplaced. In *Sigmon*, two passengers sought a refund of federal excise taxes that Southwest charged on airline tickets. The plaintiffs requested refunds from Southwest, and Southwest denied their requests. Suit was filed in state court, and the plaintiffs alleged causes of action under Texas common law for fraud, money had and received, and conversion. Southwest removed the action to federal district court, and the plaintiffs *did not* seek remand of the action to state court. After removal, the plaintiffs

amended their complaint and asserted "an implied cause of action under 26 U.S.C. § 6415(c) and alleged that Southwest failed to remit to the IRS the amounts collected as excise taxes." *Id.* at 1201-02 (footnote omitted). The trial court ultimately granted summary judgment in favor of Southwest, and the Fifth Circuit held that federal jurisdiction existed because the plaintiffs voluntarily amended their complaint *after* removal "to include an implied cause of action under federal law." *Id.* at 1203 (citation omitted). The court further stated that "[t]he exclusive remedy provided by the Internal Revenue Code . . . preempt[ed] the [plaintiffs] state-law claims against" Southwest. The distinction between *Sigmon* and this case is that the plaintiffs in *Sigmon* affirmatively sought relief under a federal statute. Plaintiffs in this case have invoked no federal law for affirmative relief. Thus, *Sigmon* is wholly inapposite to this case.

Only complete preemption provides a basis for federal jurisdiction. As complete preemption of the state law claims is not present, it provides no basis for federal jurisdiction. Accordingly, this action is not one that can be removed.

### 4. Estoppel

Likewise, the court finds unavailing ESD's argument that Plaintiffs' "counter-defense" of estoppel is preempted by federal law. All cases relied on by ESD involve those in which a party is seeking affirmative relief or remedy under federal law. Accordingly, the cases cited by ESD have no applicability to the issue of federal question jurisdiction. Moreover, the estoppel matter was raised in response to an affirmative defense to Plaintiffs' state causes of action. It was not asserted as one of Plaintiffs' state law claims, and Plaintiffs seek no affirmative relief or remedy by asserting the "counter-defense" of estoppel. Accordingly, no basis for removal exists.

### 5. No Federal Question Jurisdiction

Even if this court were to assume that the resolution of a federal issue is necessary to resolve a state law claim and that the federal issue is actually disputed, it still lacks jurisdiction to hear this action. This is so because the court does not believe the federal issue is substantial, and the court also believes that exercising federal jurisdiction over this action would disturb the balance of federal and state judicial responsibilities. *See Singh*, 538 F.3d at 338.

ESD simply overstates the importance of federal law in this case. Federal law in this case is merely tangential to the resolution of the issues in this case. Federal law is implicated only because ESD asserted an affirmative defense under the Act and because the Act requires a charitable organization, among other things, to be listed as an exempt organization under 26 U.S.C. 501(c)(3). Tex. Civ. Prac. & Rem. Code Ann. § 84.003(1)(A). The determination of whether ESD is a charitable organization is essentially one of fact, namely, whether a factual basis exists for ESD to fall within the definition of a charitable organization. The federal interest is insubstantial and incidental. The determination of whether ESD is a charitable organization has no impact on the manner in which the Internal Revenue Service conducts its business, the ability of the federal government to collect federal taxes, or the validity or constitutionality of any provision of the Internal Revenue Code. For all of these reasons, there is no substantial federal issue.

Moreover, the exercise of federal jurisdiction in this case will be fodder for any charitable organization sued, or person who works or volunteers for such organization, to remove an action that only asserts state law claims to federal court. Such actions necessarily could be quite numerous. This court does not believe that when the Texas Legislature passed the Act almost 25 years ago that it was so naive and disingenuous to believe it could create federal question jurisdiction by merely

referencing a federal statute. Moreover, nothing has been presented to the court that Congress has expressed an intent or preference to allow a state case to be removed to federal court because a defendant asserts an affirmative defense allowed by a state statute that merely references federal law. Absent proof or indication that Congress intends to upset or shift the state-federal line or division of judicial responsibilities, the court declines to open a Pandora's box and usher into federal court a new wave of litigation that has been traditionally, and should continue to be, handled in state court.

      **B.**      **Waiver**

Plaintiffs contend that this action was not timely removed and that ESD has waived its right to remove. ESD disagrees and contends that it removed the case to federal court within 30 days of the date that it became removable. Plaintiffs also contend that ESD waived removal because it sought an adjudication on the merits in state court by filing their summary judgment motions. ESD counters that at the time it filed the motions for summary judgment, the case was not removable, and, therefore, it could not have waived a right that was unavailable.

The court has concluded that no federal question jurisdiction exists. Therefore, the case is not removable, and any date as to when the removal clock began to run "begs the question." As the case is not removable, the issue of the waiver is quite beside the point. Accordingly, the court does not address whether waiver is an alternative basis for remand of this action.

**IV.**      <u>**Plaintiffs Motion for Sanctions and Request for Attorney's Fees and Costs**</u>

To the extent that Plaintiffs request sanctions pursuant to Rule 11 of the Federal rules of Civil Procedure, the court will not grant the motion. Plaintiffs seeks an award of sanctions against Ms. Castañeda, ESD's lead counsel. The court does not believe that it should make such an award. First, virtually all of the alleged conduct of which Plaintiffs complain took place in state court, and

the state court judge is in the best position to determine whether such an award is warranted. The court "has no dog in that fight" and declines to inject itself into the fray. Second, the court believes that an award of fees and costs is appropriate under 28 U.S.C. 1447(c) and that such an award will have the necessary deterrence to convince ESD and Ms. Castañeda that unwarranted filings should not occur and can be costly.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id*. at 293.

The court has exhaustively examined and explained why federal question jurisdiction does not exist. In doing so, the court relied on well-established precedent of the Supreme Court and Fifth Circuit regarding the jurisdiction of federal courts; and no novel theories of law were advanced by ESD that would reasonably justify an expansion of existing precedent. No legal basis existed to remove this action. The court therefore determines that ESD had no objectively reasonable grounds to believe that removal was legally proper. Accordingly, Plaintiffs are entitled to an award of reasonable attorney's fees and costs incurred by them in successfully having this action remanded.

## V. Conclusion

For the reasons stated herein the court **grants** Plaintiffs' Emergency Motion for Remand and **denies**, as requested, Plaintiffs' Motion for Sanctions. The court **determines** that it lacks subject

matter to entertain this action and **remands** it to the County Court at Law No. 1 pursuant to 28 U.S.C. § 1447(c). The clerk of court shall effect this remand in accordance with the usual procedure.

The court, for the reasons stated herein, **grants** Plaintiffs' requests for attorney's fees and costs, and **awards** Plaintiffs their reasonable attorney's fees and costs incurred for successfully having this action remanded to state court. The court retains jurisdiction over this action for the limited purpose of enforcing its order regarding attorney's fees and costs. The court realizes the contentious nature of this litigation; however, it does not expect, nor will it countenance, a protracted battle over attorney's fees. As the Supreme Court has admonished, "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Accordingly, the court will not hesitate to impose monetary sanctions, or any other sanction it deems appropriate, against a party or attorney who acts unreasonably or vexatiously. To ensure that bitter and protracted litigation does not follow the remand of this action, the court will use, if necessary, its inherent authority, Rule 11, and 28 U.S.C. § 1927 to impose appropriate sanctions.

**It is so ordered** this 30th day of June, 2011.

Sam A. Lindsay
United States District Judge