**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN DOE, JANE DOE I, and JANE DOE II**, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:11-CV-1058-L** |
| **THE EPISCOPAL SCHOOL OF DALLAS, INC.**, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Episcopal School of Dallas, Inc.'s Motion to Reconsider Order Granting Costs and Fees Under 28 U.S.C. § 1447(c), filed July 29, 2011. After careful consideration of the motion, response, reply, and applicable law, the court **denies** the Episcopal School of Dallas, Inc.'s Motion to Reconsider Order Granting Costs and Fees Under 28 U.S.C. § 1447(c).

The Episcopal School of Dallas, Inc. ("ESD") does not contest the amount of attorney's fees and costs that Plaintiffs seek. It requests the court "to withdraw its holding that ESD 'had no objectively reasonable grounds to believe that removal was legally proper,' and find that no fees and costs are warranted." Mot. to Reconsider 1. The court declines to withdraw its decision regarding attorney's fees and costs.

The court in its Memorandum Opinion and Order of June 30, 2011, comprehensively explained why no federal question jurisdiction existed, and the authority relied on by the court was established precedent well before ESD removed this action to federal court. Accordingly, ESD was on notice as to what was necessary to justify the removal of a case to federal court with respect to

**Memorandum Opinion and Order - Page 1**

the existence of a federal question. As the court previously stated, the removal to federal court was unwarranted, and nothing in ESD's motion or reply convinces the court that it should change its earlier decision.

With respect to ESD's statements to the court as to what has transpired post-removal or post-remand in state court, such statements are quite beside the point in determining whether federal question jurisdiction existed at the time of removal. To determine whether jurisdiction exists to remove a case, a court "consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas, Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Moreover, the legal proposition set forth in *Manguno* has been the law for over 70 years. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("The second amended complaint should not have been considered in determining the right to remove, which in a case like the present one was to be determined according to the plaintiffs' pleading at the time of the petition for removal."). The court centered its analysis on what Plaintiffs set forth in their state pleadings at the time of removal and then explained why no exception to the "well-pleaded-complaint" rule existed to justify removal of this case to federal court. Thus, ESD cannot use such post-removal or post-remand occurrences to establish that it had objectively reasonable grounds to believe that the removal was legally proper at the time the action was removed.

For the reasons stated herein, and in its earlier memorandum opinion and order, the court determines that ESD had no objectively reasonable ground to believe that removal was legally proper. Accordingly, the court **denies** the Episcopal School of Dallas, Inc.'s Motion to Reconsider Order Granting Costs and Fees Under 28 U.S.C. § 1447(c).

Further, the court determines that the hours expended by Plaintiffs' counsel were reasonable and necessary in successfully getting this action remanded to state court, and that the hourly rates sought by Plaintiffs' attorneys are the normal and customary rates in the Dallas legal community for attorneys with the level of ability, experience, knowledge, and skill of Ms. Aldous and Mr. Walker. Additionally, the record amply supports the fee request by Plaintiffs. Moreover, "ESD does not challenge the amount of fees sought." Mot. to Reconsider 1. Accordingly, the court **awards** Plaintiffs the amount of **$22,580** as reasonable attorney's fees, which they shall **recover** from ESD. Pursuant to Rule 58(a)(3) of the Federal Rules of Civil Procedure, this Memorandum Opinion and Order serves as the judgment on the issue of attorney's fees, and the court will not issue a judgment by separate document.

**It is so ordered** this 2nd day of September, 2011.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge